IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. JOHNSON, | 2:09-cv-01930-GEB-EFB |
| Plaintiff, | |
| v. | <u>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FEDERAL CLAIMS, AND REMANDING PLAINTIFF'S STATE CLAIMS</u>[*] |
| FULTON-EL CAMINO RECREATION & PARKS DISTRICT, | |
| Defendant. | |

Plaintiff Steven Johnson ("Johnson") moves for summary judgment on his claims alleged under the Fourteenth Amendment of the United States Constitution, and under California's Public Safety Officers Procedural Bill of Rights Act ("POBRA"), which is prescribed in California Government Code section 3300, et seq. Defendant Fulton-El Camino Recreation and Parks District ("Fulton-El Camino") also moves for summary judgment on the same claims, and also on Johnson's claims

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  alleged under the Fifth Amendment of the United States Constitution, and
2  under California Labor Code section 1102.5.

### I. Legal Standard

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If this burden is satisfied, "the non-moving party must set forth, by affidavit or as otherwise provided in [Federal] Rule [of Civil Procedure] 56, specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (internal quotations marks omitted) (emphasis omitted). This requires that the non-moving party "come forward with facts, and not allegations, [that] controvert the moving party's case." Town House, Inc. v. Paulino, 381 F.2d 811, 814 (9th Cir. 1967). All reasonable inferences that can be drawn from the evidence "must be drawn in favor of the non-moving party." Bryan v. McPherson, 608 F.3d 614, 619 (9th Cir. 2010). When deciding cross-motions for summary judgment, each motion is evaluated on its own merits, "taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 592 (6th Cir. 2001).

When the defendant is the moving party and is seeking summary judgment on one or more of the plaintiff's claims, the defendant:

> [H]as both the initial burden of production and the ultimate burden of persuasion on [the motion]. In order to carry its burden of production, the [defendant] must either produce evidence negating an essential element of the [plaintiff's claim] or show that the [plaintiff] does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.

2

Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000) (internal citations omitted).

Further, the Eastern District's Local Rule 260(b) prescribes:

> Any party opposing a motion for summary judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

E.D. Cal. R. 260(b). If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006) (finding that a party opposing summary judgment who "fail[s] [to] specifically challenge the facts identified in the [moving party's] statement of undisputed facts . . . is deemed to have admitted the validity of [those] facts"). "Because a district court has no independent duty 'to scour the record in search of a genuine issue of triable fact,' and may 'rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment,' . . . the district court . . . [is] under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf." Simmons v. Navajo Cnty., Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)).

## II. Uncontroverted Evidence

Fulton-El Camino "is an independent special recreation and park district" located "within the County of Sacramento" that was "established . . . to provide land and recreation opportunities for the

3

growing suburbs of Sacramento County." (Separate Statement of Undisputed Facts by Pl. in Supp. of Mots. for Summ. J./Summ. Adjudication ("Pl.'s SUF") ¶¶ 1-3.) "As of August 17, 2007, [Johnson] was employed as a part time Ranger by Fulton-El Camino." Id. ¶ 15. On May 22, 2008, Johnson "was summoned by [Shane] Diller[,] [Fulton-El Camino's Chief Ranger,] to the break room of the North Central Sheriff's Station in Sacramento, [California]." Id. ¶ 27. "When [Johnson] arrived at the break room, present at the meeting were Chief Diller, [Superintendent Michael] Grace, [Johnson], and Sacramento [C]ounty Sheriff's Sergeant Kobyhasi ([]first name unknown)." Id. ¶ 28. At the meeting, Chief Diller handed Johnson the following letter:

> During a recent review of minimum hours work [sic], it has been discovered that you have failed to respond to requests for available hours to work since January 1, 2008. These queries were sent to you via Fulton El-Camino Recreation and Park District email in which you have an account. As you know, ALL Park Ranger Peace Officers with the Fulton El-Camino Police must maintain a minimum of 20 hours worked each month.
>
> Your lack of response to schedule requests via email and non-communicative status with this agency has placed us in the unfortunate situation of releasing you from employment with the district.
>
> I thank you for your dedicated service. Good luck in your future endeavors. Please return all department issued equipment to Include Identification Cards, Badges, and all weapons, to include lethal and non-lethal [sic].
>
> Thank you
>
> s/ Shane G. Diller
> Shane G. Diller
> Chief Ranger
> Fulton El Camino Recreation and Parks District
>
> s/ Roy Imai
> Roy Imai
> General Manager
> Fulton El Camino Recreation and Parks District

4

Id. ¶¶ 26, 29. After receiving this letter, Johnson "asked when [a] hearing was to take place. In response, [Johnson] was told by Chief Diller that [Johnson] was not entitled to a hearing." Id. ¶ 31.

"It remains [Johnson's] desire and hope to gain employment in the future as a law enforcement peace officer." Id. ¶ 42. Roy Imai ("Imai"), General Manager of Fulton-El Camino, "stated that, if a law enforcement hiring agency were to call [] Imai in the future and ask why [Johnson] was terminated, they would be told that [Johnson] had abandoned his job." Id. ¶ 39. Further, Imai, stated "that there was no policy in place at Fulton-El Camino to inform any hiring agency, inquiring about [Johnson's] termination, anything other than that [Johnson] had abandoned his job." Id. ¶ 40.

### III. Discussion

Fulton-El Camino argues its motion should be granted on Johnson's Fifth and Fourteenth Amendment claims since these claims are alleged directly under the United States Constitution, instead of under 42 U.S.C. § 1983. "[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983[,]" since a litigant "has no cause of action directly under the United States Constitution." Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992). However, "the liberal rules of notice pleading under the Federal Rules of Civil Procedure only require a plaintiff to plead the facts underlying [a] § 1983 claim, not the statute itself." Cabrera v. Martin, 973 F.2d 735, 745 (9th Cir. 1992). Johnson sufficiently pled the facts underlying his § 1983 claims; therefore, this portion of Fulton-El Camino's motion is denied.

Fulton-El Camino also argues it is entitled to summary judgment on Johnson's Fifth Amendment claim since "the Fifth Amendment's

5

guarantee of due process is applicable only to actions of the federal government." (Mem. of P. & A. in Supp. of Fulton-El Camino's Mot. for Summ. J./Summ. Adjudication 6:28-7:1.) Johnson's Fifth Amendment claim "is plainly foreclosed by the Constitution[, since] the Fifth Amendment's due process clause only applies to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Therefore, this portion of Fulton-El Camino's motion is granted.

Johnson and Fulton-El Camino each seek summary judgment on Johnson's Fourteenth Amendment claim, in which he alleges that Fulton-El Camino "violated [his Fourteenth Amendment] rights . . . by terminating [him] without affording him the minimal due process to which he was entitled." (Compl. ¶ 13.) "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). "A . . . procedural due process [claim] . . . has three elements: (1) a liberty or property interest protected by the constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." Portman v. Cnty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

Johnson concedes he does not have a property interest protected by the Fourteenth Amendment, but argues Fulton-El Camino impinged his protected liberty interest by terminating him for "job abandonment" without providing him with a post-termination hearing. (Mem. of P. & A. in Supp. of Pl.'s Mots. for Summ. J./Summ. Adjudication ("Pl.'s Mot.") 16:13.) Johnson contends the charge of "job abandonment" is sufficiently serious to implicate a liberty interest under the Fourteenth Amendment. Fulton-El Camino rejoins since Johnson abandoned

6

1 his position as a ranger with Fulton-El Camino, he was not terminated;
2 and that even if Johnson was terminated, Johnson has not shown he had a
3 liberty interest protected by the Fourteenth Amendment.

4       "The liberty interest protected by the due process clause
5 'encompasses an individual's freedom to work and earn a living.'"
6 Portman, 995 F.2d at 907 (9th Cir. 1993) (quoting Bollow v. Fed. Reserve
7 Bank of San Francisco, 650 F.2d 1093, 1100 (9th Cir. 1981)). "'[W]hen
8 the government dismisses an individual for reasons that might seriously
9 damage his standing in the community, he is entitled to notice and a
10 hearing to clear his name.'" Id. "To implicate constitutional liberty
11 interests, however, the reasons for dismissal must be sufficiently
12 serious to 'stigmatize' or otherwise burden the individual so that he is
13 not able to take advantage of other employment opportunities." Id.
14 "'Charges that carry the stigma of moral turpitude' such as dishonesty
15 or immorality 'may implicate a liberty interest, but charges of
16 incompetence or inability to get along with others do not.'" Id.
17 (quoting Wheaton v. Webb-Petett, 931 F.2d 613, 617 (9th Cir. 1991)).
18 "But a label which would prevent an individual from practicing his
19 chosen profession at all may have consequences so severe that liberty
20 would be infringed. Such a formulation raises the possibility that in
21 some cases due process rights will turn on a definition of the scope of
22 a particular profession." Stretten v. Wadsworth Veterans Hosp., 537 F.2d
23 361, 366 n.13 (9th Cir. 1976). Moreover, to infringe upon a
24 constitutionally protected liberty interest, "there [must be] some
25 public disclosure of the [stigmatizing] charge." Brady v. Gebbie, 859
26 F.2d 1543, 1552 (9th Cir. 1988).

27       Even assuming arguendo that Fulton-El Camino terminated
28 Johnson's employment based on Fulton-El Camino's assertion that Johnson

7

abandoned his job, Johnson has not shown that this reason for his termination is serious enough to implicate a protected liberty interest. Additionally, the record does not contain evidence from which it could reasonably be inferred that Johnson cannot find work in his chosen profession because of his dismissal.

Further, Johnson has not produced evidence from which a reasonable inference could be drawn that Fulton-El Camino's reason for firing him has been publicly disclosed. Johnson argues "the evidence shows that the [Sacramento County] Sheriff's Dept. was told of [his] termination much to [his] embarrassment . . . at the time of the termination." (Pl.'s Mot. 16:21-23.) However, Johnson has not supported this argument with evidence, and "mere argument does not establish a genuine issue of material fact to defeat summary judgment." MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 518 (9th Cir. 1993). Although the record reveals Sacramento County Sheriff Sergeant Kobyhasi was in the break room during the meeting when Johnson was given the termination letter, this evidence demonstrates only that the Sacramento County Sheriff's Department knew that Johnson was terminated. However, this evidence does not show that the reason for the termination was publicly disclosed to the Sacramento County Sheriff's Department.

Therefore, Fulton-El Camino's motion for summary judgment on Johnson's § 1983 claim for violation of the Fourteenth Amendment is granted, and Johnson's motion for summary judgment on the same claim is denied.

Since the federal claims have been resolved, only Johnson's state claims remain. A district court may decline exercising supplemental jurisdiction over state claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

1  § 1367(c)(3). "While discretion to decline . . . supplemental
2  jurisdiction over state law claims is triggered by the presence of one
3  of the conditions in § 1367(c), it is informed by the . . . values of
4  economy, convenience, fairness and comity" delineated by the Supreme
5  Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726
6  (1996). Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.
7  1997).

8  　　　　　The judicial economy factor does not weigh in favor of
9  continuing to exercise supplemental jurisdiction over the remaining
10 state claims since significant time has not been invested analyzing
11 those claims. Cf Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986)
12 ("The district court, of course, has the discretion to determine whether
13 its investment of judicial energy justifies retention of jurisdiction or
14 if it should more properly dismiss the claims without prejudice.")
15 (internal citation omitted). Nor do the comity and fairness factors
16 weigh in favor of exercising supplemental jurisdiction since "[n]eedless
17 decisions of state law should be avoided both as a matter of comity and
18 to promote justice between the parties, by procuring for them a
19 surer-footed reading of applicable law." Gibbs, 383 U.S. at 726; see
20 also Acri, 114 F.3d at 1001 ("The Supreme Court has stated, and we have
21 often repeated, that 'in the usual case in which all federal-law claims
22 are eliminated before trial, the balance of factors . . . will point
23 toward declining to exercise jurisdiction over the remaining state-law
24 claims."). Therefore, Johnson's state claims will be remanded to the
25 Superior Court of California in the County of Sacramento from which they
26 were removed.
27 ///
28 ///

**IV. Conclusion**

For the stated reasons, Plaintiff's state claims are remanded to the Superior Court of California in the County of Sacramento, and the Clerk of the federal court shall enter judgment in favor of Defendant on Plaintiff's federal claims.

Dated: March 9, 2011

GARLAND E. BURRELL, JR.
United States District Judge