IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN D. JOHNSON, )
)   2:09-cv-01930-GEB-EFB
      Plaintiff, )
)
  v. )
)   ORDER DENYING DEFENDANT'S
)   MOTION FOR ATTORNEYS' FEES
FULTON-EL CAMINO RECREATION & )   AND COSTS[*]
PARKS DISTRICT, )
)
      Defendant. )
_____

      Defendant moves for attorneys' fees and costs, arguing that it was granted summary judgment on Plaintiff's 42 U.S.C. § 1983 Fifth and Fourteenth Amendment procedural due process claims because those claims were "entirely frivolous in nature and filed in bad faith." (Def.'s Mot. 6:9-10.) Plaintiff opposes the motion.

      "In any action or proceeding to enforce . . . [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "[A] prevailing defendant should not routinely be awarded attorneys' fees simply because [it] has succeeded, but rather only where the action is found to be unreasonable, frivolous, meritless, or vexatious." Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994) (internal quotation marks omitted). A claim is "frivolous . . .

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

when the result is obvious or the [claim is] wholly without merit." Id. "Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990).

In addition, "[u]nder its 'inherent powers,' a district court may . . . award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith[.]'" Leon v. IDX Systems Corp., 464 F.3d 951, 961 (9th Cir. 2006) (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir.1997)). "Before awarding such sanctions, the court must make an express finding that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" Id. (quoting Primus, 115 F.3d at 648). "A finding of bad faith is warranted where [a party] knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Primus, 115 F.3d at 649.

Here, since Defendant has not satisfied any standard applicable to its motion, its motion is denied.

Dated: September 6, 2011

GARLAND E. BURRELL, JR.
United States District Judge